UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE LINDA SUE CATRON**,<br><br>Debtor / Appellant. | Case No. 15-cv-05733-YGR<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

Appellant Linda Sue Catron ("Debtor"), proceeding pro se, appeals orders of the bankruptcy court below authorizing the sale of two real properties out of her estate (the "Sale Orders"). (Dkt. Nos. 12-5, 12-6.) Respondent Barry Milgrom, Chapter 7 trustee of Debtor's estate, ("Trustee") moves to dismiss under Federal Rule of Bankruptcy Procedure 8013 on jurisdictional grounds. (Dkt. No. 4, "Mtn.") Having carefully considered the papers submitted and the record in this case, the Court now **GRANTS** Trustee's motion to dismiss.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On October 22, 2015, Trustee filed a "Motion: (1) to Sell Real Properties Free and Clear of Liens and Interests; (2) to Pay Real Estate Commission and Voluntary Deeds of Trust and Standard Closing Costs Out of Escrow; and (3) to Pay Specified Other Liens" (the "Motion") in the bankruptcy court below. (Dkt. No. 12-1.) The Motion gave notice of Trustee's execution of a contract for the sale of the properties contingent on the bankruptcy court's approval, and requested the bankruptcy court enter orders authorizing the sale of two real properties. (*Id*.) The Trustee advised the bankruptcy court:

> The Trustee has accepted a sale price for the Haight Street Property of $3,250,000 with an initial deposit of $103,000, and the remaining $3,147,000 to be paid in cash. The Trustee has accepted a sale price for the Page Street Property of $3,100,000, with an initial deposit of $106,000, and the remaining $2,994,000 to be paid in cash. Close of escrow for the Properties is 45 days after approval by the Bankruptcy Court. The sale of the Properties is subject to overbid and Bankruptcy Court approval. The Trustee expects there to be

sufficient sale proceeds to pay all nonsubordinated liens in full from the proceeds of sale of the Properties. The Trustee estimates that, after payment in full of nonsubordinated liens, costs of sale, and income taxes owed by the bankruptcy estate, the net proceeds to the estate are expected to total in excess of $600,000.

(*Id*. at 5:7-15.) Trustee served Debtor with a notice of hearing on the Motion by U.S. mail, informing Debtor that she could file an opposition to the Motion by November 5, 2015. (Dkt. No. 4-1, "Hayes Decl." ¶ 3; Dkt. No. 12-4.) Debtor did not file a written objection. (Hayes Decl., Exh. 5.)

The bankruptcy court, Judge Blumenstiel presiding, held a hearing on the Motion on November 19, 2015 at which Debtor was present. (Hayes Decl. ¶ 15.) Debtor is heard on the audio recording of the hearing[1] telling Judge Blumenstiel she did not oppose the Motion. (*Id.*) After Judge Blumenstiel granted the Motion, however, Debtor can then be heard informing the Judge that she believed that the sale was to occur forty-five (45) days after the hearing and that she wanted the opportunity to be a bidder on the properties. (*Id.*) In response, Judge Blumenstiel noted the sales already occurred and the auction process was clearly outlined in the Motion. (*Id.*)

On November 25, 2015, the bankruptcy court entered the Sale Orders authorizing the Trustee to sell the two properties. (*See* Sale Orders.) Debtor timely filed a notice of appeal of the Sale Orders wherein she elected to have this Court hear her appeal. (Dkt. No. 1-1.)

Trustee now seeks dismissal of the appeal on two jurisdictional grounds, namely that: (i) Debtor lacks standing to bring the instant appeal, and (ii) Debtor waived her right to appeal by not challenging the Motion in bankruptcy court.

## II.  STANDING

Standing is a jurisdictional issue which is open to review at all stages of litigation. *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). To have constitutional standing under Article III, an appellant need only allege an injury "fairly traceable"

---

[1] Although Debtor designated the audio recording of the November 19, 2015 bankruptcy court hearing to be a part of the record on appeal, this recording was not received by the Court. The recording is electronically accessible on the bankruptcy court docket and is also summarized in a declaration submitted in support of Trustee's motion to dismiss. (Hayes Decl. ¶ 15.)

to the wrongful conduct. *See Kane v. Johns-Manville Corp*, 843 F.2d 636, 642 n.2 (2d Cir.1988). However, because bankruptcy cases generally affect the rights of many, "courts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999) (citing *Brady v. Andrew*, 761 F.2d 1329, 1334 (9th Cir.1985) ("we have adopted the 'person aggrieved' test as the appropriate standard for determining standing to appeal under the [Bankruptcy] Code")). "Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." *Fondiller v. Robertson*, 707 F.2d 441, 442 (9th Cir. 1983) ("a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate … Such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights").

Debtors cannot ordinarily challenge a bankruptcy court order unless there is likely to be a surplus in the estate. *See In re P.R.T.C.*, 177 F.3d at 778 n.2 ("Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy."); *see also In re Cathryn Reiff,* 33 Fed.Appx. 878, 879 (9th Cir. 2002) (holding that when there is no residual estate, such an order does not diminish the debtor's property, increase the debtor's burdens, or detrimentally affect the debtor's rights). A surplus estate is created if "there is something to distribute to the [debtor] after payment of priority claims and expenses, timely and untimely claims, fines and penalties, and interest on all of these items." *In re Meronk*, 249 B.R. 208, 214 (B.A.P. 9th Cir. 2000). Thus, a debtor "does not have standing to object to a sale by the bankruptcy trustee of [her] assets [where she] fails to establish that an alternative sale would have returned [her] to solvency or that the sale otherwise detrimentally affect[s] [her] rights." *In re Viola*, 2011 WL 4831200, at *2 (N.D.Cal. Oct. 12, 2011).

Here, Debtor does not contest that the "person aggrieved" test applies nor does she contest the "undisputed fact that the case involves [a] non-surplus estate." (Dkt. No. 10 at 4:10-12.) Debtor in fact concedes that "there is no evidence that liquidation [of the marketable assets] will result in a distribution to the debtor." (*Id.* at 4:20-21.) Debtor nonetheless contends she has standing to appeal the Sale Orders as a result of Trustee's failure to create a surplus estate. More

3

1  particularly, Debtor contends that each of the two properties have a "near term" value of $1.5
2  million above the value listed by Trustee in the Motion. (*Id.* at 4:24-26.)
3        The Court finds that Debtor's argument fails to persuade for two independent reasons.
4  First, Debtor's assertion with respect to the value of the two properties is without declaration or
5  support, and is therefore not entitled to any evidentiary weight. *See In re Viola*, 2011 WL
6  4831200, at *2. In *In re Viola*, the district court rejected a debtor's similar argument that the sale
7  price of property was below the market value of the property. *Id*. There the district court
8  concluded that the debtor's "bald assertions" were inadequate and declined to entertain the appeal.
9  *Id*. Here, Debtor likewise presents no evidentiary support for her belief that the properties are
10 valued at $1.5 million more than the sales price each. Because Debtor's valuation is based on
11 nothing more than her unsubstantiated belief, the Court finds she has presented no evidence giving
12 rise to standing that would enable her to pursue this appeal.
13       Second, even if the Court were to accept Debtor's proffer that each of the two properties
14 has a value of $1.5 million above their sales prices, the Court would still conclude that Debtor is
15 not a "person aggrieved" with standing to bring this appeal. In other words, adding $3 million to
16 the total assets held by Debtor's estate does not result in a solvent estate. The assets held by the
17 estate would still total only $10,143,000.13,[2] which is substantially less than the estate's total
18 liabilities of $14,835,838.09.[3] Therefore, total liabilities would continue to exceed total assets;
19 Debtor has not shown that she was pecuniarily affected by the Sale Orders. *See In re P.R.T.C.*,
20 177 F.3d at 782 n.2 (a debtor cannot challenge a bankruptcy court's order unless there is likely to
21 be a surplus after bankruptcy). Because there is no surplus estate even when considering the
22 additional $3 million asserted value, Debtor has not shown an adverse effect from the Sale Orders.
23 ///

---

[2] As of the filing of this appeal, the only assets of the estate were net proceeds from the sale of the two properties and cash in the estate. The total assets held by the estate amount to $7,143,200.13, which includes: $443,200.13 in cash (Hayes Decl., Exh. 6) and the final sale prices of the two properties totaling $6,700,000. (*See* Sale Orders.)

[3] Total liabilities include secured claims of $12,689,450.51, unsecured priority claims of $66,071.52, and unsecured non-priority claims of $2,080,316.06. (Hayes Decl., Exh. 13.)

Accordingly, the Court finds that Debtor lacks standing to bring this appeal. Trustee's motion on standing grounds is **GRANTED**.

### III. WAIVER

Trustee also contends that the Court does not have appellate jurisdiction as Debtor waived her right to appeal the Sale Orders by not making any objection to the proposed sales in the bankruptcy court below. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) (party that raises an argument for the first time on appeal from the ruling of a bankruptcy court is generally deemed to have waived the argument); *In re Wade*, 2014 WL 5088258, at *2 (N.D.Cal. Oct. 9, 2014) (district courts' "appellate jurisdiction extends only to matters raised before the Bankruptcy Court"). In opposition, Debtor contends that she made an oral objection at the hearing before Judge Blumenstiel.

The Court need not reach this issue. Already having found the Court is otherwise without jurisdiction to hear this appeal, the Court declines to address the merits of the parties' arguments with respect to waiver.

### IV. CONCLUSION

For the foregoing reasons, Trustee's motion to dismiss is **GRANTED**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: February 25, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**